1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10   CHAVARRIA SERGIO ANTONIO,          )   Civil No. 11cv2347 JAH(WMc)
                                         )
11                    Petitioner,        )   **ORDER DISMISSING PETITION**
     v.                                  )   **FOR WRIT OF HABEAS CORPUS**
12                                       )
     JANET NAPOLITANO, Secretary of      )   [28 U.S.C. § 2241]
13   Department of Homeland Security; *et al.* )
                                         )
14                    Respondents.       )
     _____ )
15

16                               **INTRODUCTION**

17        Petitioner Chavarria Sergio Antonio ("petitioner"), appearing *pro se*, filed a petition

18   for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition has been fully

19   briefed.  After a careful review of the record, and for the reasons set forth below, this Court

20   DISMISSES the petition for lack of subject matter jurisdiction.

21                                **BACKGROUND**

22        Petitioner, a native and citizen of Nicaragua, became a lawful permanent resident

23   of the United States on November 16, 1989.  After his conviction in 2007 for second

24   degree burglary and forgery, on September 28, 2008, petitioner was placed in removal

25   proceedings upon completion of his criminal sentence.  Petitioner was then, on June 3,

26   2009, ordered removed from the United States to Nicaragua by an immigration judge

27   ("IJ").  The removal order was appealed and the Board of Immigration Appeals ("BIA")

28   affirmed the IJ's decision on September 11, 2009.  Petitioner filed a petition for review

before the Ninth Circuit and requested a stay of removal which resulted in an automatic stay. The IJ, on November 25, 2009, denied petitioner's request to be released on bond.

While his petition for review before the Ninth Circuit was pending, petitioner sought to reopen his case before the BIA but the BIA denied that motion on March 11, 2010. Petitioner subsequently filed a new petition for review before the Ninth Circuit. Petitioner also filed various motions before the BIA seeking to reopen his proceedings, all were summarily denied.

The instant petition was filed on October 22, 2011. On February 12, 2012, respondent informed petitioner of his "potential administrative right to request a new bond hearing" pursuant to Casas Castrillon v. DHS, 535 F.3d 942, 949 (9th Cir. 2008) and 8 C.F.R. § 1003,19(e), explaining the procedures for seeking such relief. Petitioner's last petition before the Ninth Circuit was remanded to the BIA on March 30, 2012. Thereafter, respondent filed a return to the petition and petitioner filed a traverse. Nothing further has been filed in this case.

## DISCUSSION

The instant petition seeks petitioner's release from custody on bond pending completion of removal proceedings on the grounds that he is being held in violation of his constitutional right to due process. *See* Doc. # 1 at 6. Respondent contends that, because petitioner has already been afforded a Casas Castrillon custody hearing and has been informed of this right to seek a new hearing pursuant to 8 C.F.R. § 1003.19, there is no case or controversy for this Court to review. Doc. # 8 at 3 (citing Casas Castrillon, 535 F.3d at 949 (once administrative proceedings before the IJ and the BIA are completed and the alien respondent has petitioned for review and obtained a stay of removal before the circuit court, detention authority shifts from 8 U.S.C. § 1226(c) (mandatory detention) to 8 U.S.C. § 1226(c) (IJ jurisdiction to conduct custody review)); Spencer v. Kemna, 523 U.S. 1, 7 (1998)(plaintiff must have suffered, or be threatened with, an actual injury to satisfy the injury requirement for subject matter jurisdiction)).

11cv2347

1    Petitioner does not address this issue in his traverse but, instead, focuses on the
2    merits of his claim that he is being held in violation of his constitutional right to due
3    process. *See* Doc. # 10 at 2-9.  This Court, after a careful consideration of the record, and
4    based on the authority cited by respondent, finds it lacks subject matter jurisdiction  to
5    review plaintiff's claim because petitioner has received all the relief he is due under
6    controlling law and, thus, has failed to demonstrate he has suffered or, will suffer, an
7    injury. *See* <u>Spencer</u>, 523 U.S. at 7.  Therefore, this Court DISMISSES the instant petition
8    for lack of subject matter jurisdiction.

9                            <u>**CONCLUSION AND ORDER**</u>

10    Based on the foregoing, IT IS HEREBY ORDERED that the instant petition filed
11    pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

12   Dated:        June 27, 2013

13

14                                          JOHN A. HOUSTON
                                            United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2347